UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20 CR 467 SEP ) ) |
| TIMOTHY L. BLANEY, | ) ) |
| Defendant. | ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant, TIMOTHY L. BLANEY, represented by defense counsel Lucille G. Liggett, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One of the indictment, the government agrees that no further federal prosecution will be brought in this District relative to the events underlying the indictment, of which the Government is aware at this time.

In addition, the parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government further

1

agrees to recommend a sentence of three hundred months (300) in the Federal Bureau of Prisons followed by lifetime supervised release at the time of sentencing. The parties further agree that the Defendant may request a sentence below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The Defendant agrees that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant also agrees, pursuant to the guilty plea to Counts I, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to: real property located at 8706 Woodbridge Drive in Pevely, Jefferson County, Missouri 63070, with a parcel identification number of 11-6.0-24.0-0-000-042 and a legal address of Lot 23 of Ancient Oak Manor subdivision as shown by plat on file in the Recorder's office of Jefferson County, Missouri in Plat Book 83, page 2. further described as a manufactured house on corner lot close to the Mississippi, having approximately 1,200.00 square feet, with 3 bedrooms and 2 bathrooms, situated on a lot of approximately 0.11 acres located at GPS coordinates 38.274463,-90.409560, constructed in 1987 and having a present value of approximately $80,000.00. Also, including but not limited to: a Toshiba 320 GB hard drive, a Hewlett-Packard laptop Model G60-443NR, a Seagate 500 GB hard drive, a Hewlett-Packard laptop Model 15-AF131DX, a Seagate Momentus 320 GB hard drive, a Gateway laptop model NE56R48U, a Hitachi Deckstar 160 GB hard drive, an E-machine computer model EL120007W, a black Intel tablet, a PNY 4 GB micro SD card, a Sandisk Cruzer mini 512 MB thumb drive, a Lexar 256 MB thumb drive, a SanDisk 2

GB SD card, a LG Stylo 4 Boost model L-Q710AL, a ZTE cell phone, a Samsung Galaxy S8 model SM-G950U cellular telephone and a 64 GB Micro SC card. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**3. ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Production of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or between about October 1, 2019, and August 14, 2020, the defendant, while in his residence at 8706 Woodbridge Drive in Pevely, Missouri, utilized one or more cellular telephones to take and save multiple digital pictures and videos of a four-year old child whose initials are E.T., in which E.T.'s genitals are lasciviously displayed and in which the defendant is touching the genitals of E.T.  At the time the photographs and videos were produced by the defendant, E.T's father was the defendant's roommate and E.T. would periodically reside with the defendant and her father at the residence at 8706 Woodbridge Drive in Pevely, Missouri.

3

The defendant took digital videos and digital photographs of E.T. clothed only in underwear and other videos in which E.T. is clothed and the defendant is touching her genitals through the clothing. The defendant also took digital video recordings and digital photographs of E.T. in which the defendant holds E.T.'s underwear to the side to expose her genitals in the video. The defendant also took digital video recordings and digital photographs in which E.T.'s genitals are exposed and the defendant is spreading apart E.T.'s labia with his fingers. The defendant further took a video of E.T. in which she is sitting on top of a washing machine. In that video the defendant can be heard and seen. He tells E.T. to lay back and he uses his hands to move her underwear to the side. He then touches her labia and moves his face close to her genitals. The video ends when E.T. asks the defendant "what are you doing?" These digital photographs and digital images were produced and stored by the defendant utilizing a Galaxy S8 cellular telephone and a LG Stylo 4 Boost cellular telephone, which are composed of materials that were mailed, shipped and transported in and affecting interstate and foreign commerce.

In addition to the aforementioned photographs and videos of E.T., the defendant possessed three videos of fifteen images of child pornography, to wit: prepubescent minors engaged in a lascivious display of their genitals and/or engaged in sexual conduct. The defendant also possessed over fifty videos and images of child erotica. The search history of the defendant's cellular telephone revealed that the defendant had been searching the internet for pornography involving minors.

On or about August 19, 2020, E.T. disclosed to her older sister that the defendant had sexually abused her. E.T.'s older sister had E.T. disclose this information to their mother who called the police. The digital photographs and digital videos in which the defendant lasciviously displayed the genitals of E.T. and touches the genitals of E.T. were discovered by law

4

enforcement upon seizure of the defendant's cellular telephones pursuant to a search warrant executed on August 20, 2020, at his residence at 8706 Woodbridge Drive in Pevely, Missouri. While law enforcement conducted the search, the defendant fled the residence into the woods nearby. When the defendant was relocated by police later that day, he again fled and had to be tackled by law enforcement to effectuate an arrest.

## 5. STATUTORY PENALTIES:

As to Count One, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which he is pleading guilty is imprisonment of not less than fifteen years and not more than thirty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years. **The defendant fully understands that the crime to which he is pleading guilty requires a mandatory minimum term of imprisonment of at least fifteen years.** Additionally, assessments, restitution and other costs as set forth more fully below may be ordered in addition to such imprisonment, fine and supervised release.

## 6. U. S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### A. Chapter 2 Offense Conduct:

#### 1. Chapter 2 Offense Conduct, Count One, Production of Child Pornography:

5

      **(a)**    <u>**Base Offense Level:**</u> The parties agree that the base offense level is thirty-two (32) as found in Section 2G2.1.

      **(b)**    <u>**Specific Offense Characteristics:**</u> The parties agree that the following Specific Offense Characteristics apply:

         (i)    four (4) levels should be added pursuant to Section 2G2.1(b)(1)(A) because the offense involved a minor who had "not attained the age of twelve years,"

         (ii)    two (2) levels should be added pursuant to Section 2G2.1(b)(2)(A) because the offense "involved the commission of a sexual act or sexual contact,"

         (iii)    four (4) levels should be added pursuant to Section 2G2.1(b)(4)(A) because offense involved material that portrays "sadistic or masochistic conduct," and

         (iv)    two (2) levels should be added pursuant to Section 2G2.1(b)(5) because the "minor was otherwise in the custody, care, or supervisory control of the defendant,"

**B. Chapter 3 Adjustments:** The parties recommend the following adjustments, other than acceptance of responsibility, apply: none.

**(1) <u>Acceptance of Responsibility:</u>** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is

6

based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: none.

**C. Estimated Total Offense Level:** The parties estimates that the Total Offense Level is forty-one (41).

**D. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**E. Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant to no more than three hundred (300) months, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, as it relates to both Base Offense Level and Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within the determined Sentencing Guidelines range or to a sentence of at least three hundred (300) months.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:**

The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:**

Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where required to do so by state or federal law. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the

9

defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100 which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, the Court may impose an assessment of not more than fifty thousand dollars ($50,000.00).

**e. Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:**

The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States

Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss.

### g. Forfeiture:

The defendant knowingly and voluntarily waives any right, title, and interest in all contraband items, real property and materials seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Such items, real property and materials include but are not limited to: real property located at 8706 Woodbridge Drive in Pevely, Jefferson County, Missouri 63070, with a parcel identification number of 11-6.0-24.0-0-000-042 and a legal address of Lot 23 of Ancient Oak Manor subdivision as shown by plat on file in the Recorder's office of Jefferson County, Missouri in Plat Book 83, page 2. further described as a manufactured house on corner lot close to the Mississippi, having approximately 1,200.00 square feet, with 3 bedrooms and 2 bathrooms, situated on a lot of approximately 0.11 acres located at GPS coordinates 38.274463,-90.409560, constructed in 1987 and having a present value of approximately $80,000.00. Also, including but not limited to: a Toshiba 320 GB hard drive, a Hewlett-Packard laptop Model G60-443NR, a Seagate 500 GB hard drive, a Hewlett-Packard laptop Model 15-AF131DX, a Seagate Momentus 320 GB hard drive, a Gateway laptop model NE56R48U, a Hitachi Deckstar 160 GB hard drive, an E-machine computer model EL120007W, a black Intel tablet, a PNY 4 GB micro SD card, a Sandisk Cruzer mini 512 MB thumb drive, a Lexar 256 MB thumb drive, a SanDisk 2 GB SD card, a LG Stylo 4 Boost model L-Q710AL, a ZTE cell phone, a Samsung Galaxy S8 model SM-G950U cellular

telephone and a 64 GB Micro SC card. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

### 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of

residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by

13

any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring or as set forth in Paragraph 2 above.

7.12.21
Date

JILLIAN S. ANDERSON
Assistant United States Attorney

7/6/21
Date

_____
TIMOTHY L. BLANEY
Defendant

7/6/21
Date

_____
LUCILLE G. LIGGETT   MO BAR 34589
Attorney for the Defendant

15