UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:20 CR 467 SEP |
| TIMOTHY BLANEY, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUEST FOR RESTITUTION FOR VICTIM

Comes now the United States of America by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jillian Anderson, Assistant United States Attorney for said District, and hereby respectfully submit and propose that the defendant pay restitution in the amount of $24,960.00 to the victim. Evidence in support of the request follows:

I.    Restitution to the Victim.

Under 18 U.S.C. § 2259(a), restitution to victims of crime that fall under Chapter 110 is mandatory. The defendant is liable for the full amount of the victim's losses. The term "full amount of the victim's losses" is defined in § 2259(c)(2):

> For the purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses involving the same victim, including—
> (A)    medical services relating to physical, psychiatric, or psychological care;
> (B)    physical and occupational therapy or rehabilitation;
> (C)    necessary transportation, temporary housing, and child care expenses;
> (D)    lost income;

1

(E)     reasonable attorneys' fees, as well as other costs incurred; and

(F)     any other relevant losses incurred by the victim." "Victim" includes the individual harmed as a result of the commission of a crime under this chapter and/or the guardian of the victim if the victim is under the age of 18 years old.

On July 19, 2021, the Defendant Timothy Blaney ("Blaney") pled guilty to one count of Production of Child Pornography.    The Government incorporates by reference the stipulated facts set forth in the filed Guilty Plea Agreement.    The juvenile victim of Blaney's crime is entitled to restitution for any costs incurred or reasonably projected to occur that are a proximate result of the offense involving the victim. *United States v. Wright*, 958 F.3d 693, 696-7 (8th Cir. 2020); *United States v. Mahoney*, 2019 WL 1040402, *2 (W.D. Wash, March 5, 2019). The court in *Wright* noted:

> "[W]e take a broad view of what conduct and related loss amounts can be included in calculating loss." United States v. DeRosier, 501 F.3d 888, 896 (8th Cir. 2007). The district court "need make only a reasonable estimate of the loss, and we accord particular deference to the loss determination because of the district court's unique ability to assess the evidence and estimate the loss." Id. at 895 (quoting United States v. Scott, 448 F.3d 1040, 1044 (8th Cir. 2006)). The district court is required to order "the full amount of the victim's losses," which may include a range of costs and losses borne by the victim, and "the greater of the gross income or value to the defendant of the victim's services or labor ...." 18 U.S.C. §§ 1593(b)(1), (b)(3), and 2259(c)(2).

*Wright*, 958 F.3d at 696.

"[I]n cases of sexual abuse, future counseling expenses can be included in an order of restitution." *Mahoney*, 2019 WL 1040402, at *2; *see also Wright*, 958 F.3d at 696-97 ("the district court appeared to consider the aggregate harm to [the victim], which may include future losses or "any other relevant losses" borne by [the victim]."). "[I]t is well-established that mandatory restitution pursuant to § 2259 allows restitutionary damages for future costs of therapy. And '[a]lthough predicting future psychological damages is notoriously difficult, the district court was only required to make a reasonable estimate, not establish the victim's future

2

treatment costs with certainty.'" *United States v. Hoskins*, 876 F.3d 942, 946 (8th Cir. 2017)

(citations omitted). Future costs can be based on testimony and documented expenses already

incurred. *Id.*

Prior to sentencing, the victim's parents requested the Government to ask for restitution

on thevictim's behalf.   A Licensed professional Counselor has opined that because of Blaney's

crimes against her, the victim will require at least two years of individual and family counseling

at a rate of two sessions per week.   The Counselor further opined that the cost of each session is

$120.00 per session, totaling $24,960.

II.   Conclusion

For the reasons set forth herein, the Government requests restitution in the total amount

of $24,960.00 be awarded to the victim.

Respectfully submitted,
SAYLER A. FLEMING
United States Attorney

*/s/Jillian S. Anderson*
Jillian S. Anderson, #53918MO
Assistant United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, the foregoing was filed electronically with the
Clerk of the Court to be served by operation of the Court's electronic filing system upon all
counsel of record. It was also emailed to defense counsel.

*s/Jillian S. Anderson*
Jillian S. Anderson, #53918MO
Assistant United States Attorney